AMBROSE S. MURRAY AND OTHERS, AS TRUSTEES, ETC., RESPONDENTS, *v.* ABRAHAM D. DEYO, APPELLANT.

*Railroad mortgage — trustees taking possession of road under — right of debtor of road to offset claim against the company, falling due after change of possession — Judgment of foreclosure — against whom it may be read in evidence — Witness — what question calls for opinion of.*

The Wallkill Valley Railway Company having made default in the payment of the interest falling due on mortgage bonds issued by it, the plaintiffs, the trustees under the mortgage, in pursuance of the terms thereof, entered into possession of the road in May, 1873, and received the rents and tolls thereof for the benefit of the bondholders. Subsequently, the mortgage was foreclosed and the road sold to the plaintiffs. This action was brought to recover money due to the road for transporting the mails for the half year, ending December 31, 1873, received by the defendant, who had acted as agent for the road in collecting such money from the treasury department, and which he refused to pay over, he claiming to be entitled to set-off against this amount a note given by the company to him in October, 1872, due one year after date. *Held*, that as the plaintiffs' right to receive the earnings of the road became absolute in May, 1873, at which time defendant's note had not yet become due, no offset thereof could be made in this action.

Upon the trial, plaintiffs were allowed, against the defendant's objection and exception, to introduce in evidence the judgment, in the action of foreclosure, to which the defendant was not a party. *Held*, that this was proper; that the

mortgage and decree were properly submitted to show the transfer of the title to the plaintiffs.

Upon the trial a witness, who had been employed by one of the plaintiffs, was asked in their behalf: "For whom and in whose behalf did Mr. Burdell make that employment, if you understood?" *Held*, that the question did not necessarily call for an opinion of the witness, and was properly admitted.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court, without a jury.

This action was brought by the plaintiffs as trustees of the second mortgage made by the Wallkill Valley Railway Company, dated January 1, 1872. The plaintiffs, as such trustees, claim to recover certain moneys collected by the defendant from the United States government for postal service on the Wallkill Valley Railway, under a contract between that company and the government. The moneys collected were for postal service between July 1, 1873, and January 1, 1874.

The mortgage provided that in case of default, "it shall and may be lawful, and the said parties of the second part hereby are expressly and fully authorized and empowered to enter upon in that case and take possession of all and singular the said railway and the property and premises hereby mortgaged, and through the agency of the persons they may from time to time appoint to collect and receive the tolls, incomes and profits of said road, hereby conveyed for the purpose of the security aforesaid, and until the same shall be sold or disposed of by them as aforesaid."

In May, 1873, the plaintiffs took possession of the road under the provision of the mortgage above mentioned.

On the trial one of plaintiffs' witnesses testified that he was employed in June, 1873, by the plaintiffs as superintendent on this road. He was then asked, "For whom and on whose behalf did Mr. Berdell (one of the plaintiffs) make that employment, if you understood?" This question was objected to by the defendant as calling for the conclusion of the witness. The witness was allowed to answer, and said: "For the trustees of the second mortgage bonds."

*A. Schoonmaker*, for the appellant.

*Bacon & Dwyer*, for the respondents.

BARNARD, P. J.:

The Wallkill Valley Railway Company executed to the plaintiffs, as trustees, a mortgage to secure the holders of certain bonds of the company. The mortgage was given in January, 1872. It covered the railway and its appurtenances, including the franchise, all the personal property, and all tolls, rents, issues and profits to be derived therefrom. The plaintiffs, as trustees, were on default in payment of the interest on the bonds for a specified time, and upon a request in writing by a majority of the bondholders, authorized and empowered by the terms of the mortgage to take immediate possession of the road and to receive all the tolls and rents for the security of the bondholders. The railway company defaulted in the payment of its interest in July, 1872, in part, and entirely on the 1st January, 1873, and subsequent. The plaintiffs, by the written request of a majority of the stockholders, took possession of the railway and its property, under the mortgage, and subsequently sold the same by virtue of a decree of this court. When the plaintiffs took possession of the road, the defendant was the agent of the Wallkill Valley railway to collect from the post-office department of the United States the moneys earned by the railroad for carrying the mails thereon. The moneys received by him for the half year ending June 30, 1873, he paid to the plaintiffs; the money he collected the next half year, he collected and did not pay over. The amount of the collection was $418.44. The railway company gave defendant a note for value on October 1, 1872, due in one year, for $455.25. The defendant claims to offset this note in this action.

Upon the trial, the mortgage to plaintiffs and the judgment roll of the judgment determining the issue and ordering the sale of the railway between plaintiffs and the Wallkill Valley railway were received in evidence. Deyo was not a party to it, and the first question presented is whether they were properly admitted. They were admitted to prove title to the moneys in dispute. If the Wallkill Valley railway had given a conveyance to plaintiffs of the right to the moneys, no objection could be made to the proof of the conveyance, even though Deyo was not a party to it. This case is the same. The plaintiffs had a mortgage which could, by default of payment of interest, be made an absolute and perpetual assignment of

the road and its earnings. The judgment determined the existence of the facts necessary to support it conclusively. Deyo was not a party, but the judgment is a muniment of title against the defendant or any other stranger. The defendant was an agent of the company. He had no title to be overreached by the decree. If he had, his title would not be affected. The mortgage and decree passed all interest from the Wallkill Valley Railway Company as effectually as if by deed, and was properly received in evidence. (*Fuller* v. *Van Geesen*, 4 Hill, 171.)

The defendant had no right of offset.

The plaintiffs' right became absolute in May, 1873, to the earnings of the road; defendant's note did not become due until October following. When the change of title was before the maturity of the note, no offset could be made. (*Martin* v. *Kunzmuller*, 37 N. Y., 396.) The plaintiffs put, upon the trial, this question to the witness Jones: " For whom and on whose behalf did Mr. Burdell make that employment, if you understood?" This was admitted, under defendant's exception, and this ruling is urged for error. I think the question here proposed rather comes under the case of *Sweet* v. *Tuttle* (14 N. Y., 465). There the question was: " On the part and behalf and for whom were the services rendered?" This was held not necessarily to call for an opinion. The question in this case does not. A single question further would have rendered it certain whether he related what was said, or only a deduction from what was said. In *Nichols* v. *Kingdom Iron Ore Co.* (56 N. Y., 618), the question is entirely different: " For whom did you set up the machinery, *as you supposed?* " This question manifestly called for an opinion of the witness instead of for a fact.

This question becomes unimportant if I am right in the propriety of the introduction of the judgment roll. The evidence taken under the question we are considering was only addressed to the fact of the plaintiffs' taking possession, in May, 1873, of the road. The roll establishes that fact and fixes its date to be the 20th May, 1873.

Judgment affirmed, with costs.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.